IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICIA A. McGRANE, and )
LYNN A. RYAN, )
                                              )
        Plaintiffs, )
                                              )  Civil Action No. 07-98J
v.                                        )  Judge Nora Barry Fischer
                                              )
SHRED-IT USA, INC., )
                                              )
        Defendant. )

**MEMORANDUM ORDER**

AND NOW this 27th day of April, 2011, upon consideration of Defendant's Motion in Limine to Exclude Any Testimony, Evidence, Opinion or Argument at Trial Concerning Plaintiffs' Factual Allegations and Legal Claims of Sexual Harassment, Which Were Previously Dismissed by the District Court and Affirmed on Appeal by the Third Circuit Court of Appeals (Docket No. [76]), Defendant's brief in support of said motion (Docket No. [77]) and Plaintiffs' Response to same (Docket Nos. [101], [102]), IT IS HEREBY ORDERED that Defendant's motion (Docket No. [76]) is DENIED.

On October 13, 2009, Plaintiffs filed an appeal from the District Court's ruling on Defendant's motions for summary judgment (Docket Nos. 40, 44) granting summary judgment in favor of Defendant with respect to Plaintiffs' claims of gender discrimination and their claims that they were subjected to a hostile work environment. (Docket No. 62). The United States Court of Appeals for the Third Circuit issued its opinion on September 15, 2010, affirming the District Court's decision with respect to Plaintiffs' hostile work environment claims but vacating with respect to Plaintiffs' gender discrimination claims. (Docket No. 64-1 at 26). The Court of Appeals held that

1

Plaintiffs made an insufficient showing of sexual harassment because while Plaintiffs may have been neglected and treated unequally, the treatment they received did not rise to the level of being abusive. (Docket No. 64-1 at 25-26). Further, the Court of Appeals held that Plaintiffs presented sufficient evidence to raise material factual issues about whether Defendant treated similarly situated male sales representatives more favorably than female sales representatives when it came to enforcement of the sales quotas, training and sales territory allocations. *Id*. at 24.

The instances of alleged sexually discriminatory conduct were either committed by Plaintiffs' supervisor, Kevin Mitchell ("Mitchell"), his replacement, David Vaniel ("Vaniel"), or other male employees, while under the acquiescence of their second-level supervisor, Gino Laspina ("Laspina"). (Docket No. 1). Defendant now moves this Court to preclude Plaintiffs from submitting evidence at trial regarding certain instances of alleged sexually offensive or derogatory conduct and comments which Plaintiffs contend that Defendant's employees subjected them to. Defendant maintains that such evidence is irrelevant to Plaintiffs' gender discrimination claim and it will be unfairly prejudiced if this evidence is presented to a jury. (Docket No. 76).

Pursuant to Federal Rule of Evidence 401, district courts are instructed to generally admit all evidence having "any tendency" to make the existence of a material fact "more probable or less probable than it would be without the evidence." FED. R. EVID. 401;[1] *Moyer v. United Dominion Industries, Inc*., 473 F.3d 532 (3d Cir. 2007)

---

[1] "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. FED. R. EVID. 401.

(quoting *Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 232 (3d Cir. 2004) ("The definition of relevant evidence is very broad and does not raise a high standard."). Further, a district court may reject the evidence only if the probative value of the evidence is substantially outweighed by its tendency to prejudice a party or cause delay at trial. FED. R. EVID. 403;[2] *Toledo Mack Sales & Service, Inc. v. Mack Trucks, Inc.*, 386 F.App'x. 214, 218 (3d Cir. 2010) ("A district court is accorded wide discretion in determining the admissibility of evidence under the Federal Rules.").

The Court of Appeals ruled that Plaintiffs provided sufficient evidence to raise material factual issues about whether gender discrimination was a determinative factor in any such disparate treatment of them. (Docket No. 64-1 at 25). Indeed, "[w]hat makes an employer's personnel action unlawful discrimination is the intent behind that action." *Wilson v. Vilsack*, 2010 WL 2788357, at *4, Civ. Act. No. 09-787 (E.D. Pa. July 14, 2010) (quoting *Marzano v. Computer Science Corp., Inc.*, 91 F.3d 497, 509 (3d Cir. 1996)). To that end, evidence is relevant if it is used to determine whether an employment decision was motivated by an illegal discriminatory purpose. *Id*. (citing *Waris v. Heartland Home Health care Servc., In*c., 2010 WL 538054, at *2, Civ. Act. No. 09-1904 (3d Cir. 2010)).

Given the expansive authority Mitchell, Vaniel and Laspina had over Plaintiffs, evidence showing their discriminatory intent is relevant. Simply because their sexually offensive or derogatory conduct is also relevant to Plaintiffs' dismissed hostile work

---

[2] "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. FED. R. EVID. 403.

environment claims, Plaintiffs should not be precluded from presenting same to a jury to show intent to discriminate based on Plaintiffs' sex. Indeed, the Third Circuit has held that facts supporting hostile work environment claims are "also relevant to show intentional sex discrimination, quid pro quo sexual harassment and retaliation claims." *Hurley v. Atlantic City Police Dept*., 174 F.3d 95, 111 (3d Cir. 1999). Hence, any testimony or evidence showing Mitchell's, Vaniel's and Laspina's intent is relevant to determine whether Plaintiffs' sex was a motivating factor in Defendant's treatment of them in providing training, enforcing sales quotas and assigning sales territories. Said evidence has the tendency to make the existence of Defendant's intent to discriminate against Plaintiffs based on their sex more probable than it would be without the evidence and, in this Court's estimation, the probative value substantially outweighs its tendency to prejudice Defendant. FED. R. EVID. 401, 403.

The Court will provide a limiting instruction to the jury regarding same. Counsel for the parties are invited to provide a joint limiting instruction on or before May 6, 2011 at 5:00 p.m.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.