# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA A. McGRANE, and ) | |
| LYNN A. RYAN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 07-98J |
| v. ) | Judge Nora Barry Fischer |
| ) | |
| SHRED-IT USA, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

AND NOW this 3rd day of May, 2011, upon consideration of Defendant's Motion in Limine Re: Testimony of Linda Donkers (Docket No. [93]) and Plaintiffs' Response to same (Docket No. [117]), IT IS HEREBY ORDERED that Defendant's motion (Docket No. [93]) is DENIED.

Defendant seeks to preclude Plaintiff Ryan from introducing the testimony of her mother, Linda Donkers ("Ms. Donkers"). (Docket No. 93 at 2). Defendant argues that Ms. Donkers should not be allowed to testify as she was not identified in Plaintiffs' Pretrial Statement (Docket No. 55), or in their Rule 26(a) Disclosures. (Docket No. 93 at 2). Defendant maintains that it would be prejudicial to Defendant if Ms. Donkers were allowed to testify because she was previously undisclosed. *Id*.

Plaintiffs contend that their prior counsel, Stephen D. Wicks, Esq., inadvertently failed to list Ms. Donkers as a witness in Plaintiffs' Pretrial Statement. (Docket No. 117 at 1-2). Plaintiffs aver that Defendant will not be prejudiced by Ms. Donkers' testimony

1

because her testimony will be similar to that of John Ryan, Plaintiff Ryan's husband, who was listed in the Pretrial Statement. *Id*. at 2. Plaintiff expects Ms. Donkers to offer testimony as to her observations of changes she saw in Plaintiff Ryan's mental and emotional state, before and after her employment and termination by Defendant. *Id*.

Pursuant to Federal Rule of Evidence 401, district courts are instructed to generally admit all evidence having "any tendency" to make the existence of a material fact "more probable or less probable than it would be without the evidence." FED. R. EVID. 401;[1] *Moyer v. United Dominion Industries, Inc*., 473 F.3d 532 (3d Cir. 2007) (quoting *Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 232 (3d Cir. 2004) ("The definition of relevant evidence is very broad and does not raise a high standard."). Further, a district court may reject the evidence only if the probative value of the evidence is substantially outweighed by its tendency to prejudice a party or cause delay at trial. FED. R. EVID. 403;[2] *Toledo Mack Sales & Service, Inc. v. Mack Trucks, Inc.,* 386 F.App'x. 214, 218 (3d Cir. 2010) ("A district court is accorded wide discretion in determining the admissibility of evidence under the Federal Rules.").

Plaintiffs assert that once their new counsel assumed representation of Plaintiff Ryan and had an opportunity to speak with her regarding potential witnesses, it became clear to Plaintiffs' counsel that Ms. Donkers was an essential witness to address Plaintiff

---

[1] "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. FED. R. EVID. 401.

[2] "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. FED. R. EVID. 403.

Ryan's damage claim. (Docket No. 117 at 2). Plaintiffs argue that any prejudice to Defendant caused by the delay in identifying Ms. Donkers as a witness is substantially outweighed by the probative value of Ms. Donkers' testimony as it relates to Plaintiff Ryan's damages claim. *Id*. Further, Plaintiffs provide that Defendant will not be prejudiced because Ms. Donkers will be made available for a deposition in the event Defendant believes it is necessary to depose her. *Id*.

In Defendant's motion, it does not dispute that Ms. Donkers' proffered testimony is relevant. (Docket No. 93). Hence, the key issue here is whether Defendant will be prejudiced from the delay in disclosing Ms. Donkers as a witness. However, Defendant has not articulated in its motion how it will be prejudiced if Ms. Donkers is permitted to testify.

Plaintiffs have put Defendant on notice that Ms. Donkers' testimony will be similar to that of John Ryan, who was previously disclosed in the Pretrial Statement. Also, Defendant has been on notice of Plaintiffs' intention to call Ms. Donkers as a witness sufficiently in advance of trial to accommodate a deposition. Indeed, this issue was discussed at the status conference the Court held with the parties on April 19, 2011, over a month before the scheduled trial date. (Docket No. 108). At the conference, counsel for Plaintiffs indicated that she may have another witness that was not previously disclosed. *Id*. In response, the Court informed counsel to file a motion for leave to amend their Pretrial Statement. *Id*. The Court also indicated that if Plaintiffs intend to call the previously undisclosed witness, Defendant will have an opportunity to depose her prior to trial. *Id*. To that end, the Court grants Defendant leave to depose Ms. Donkers. The Court does not find that the delay caused by Plaintiffs' prior counsel's failure to list

Ms. Donkers as a witness alone causes such prejudice to Defendant that would substantially outweigh its probative value. FED. R. EVID. 403. Defendant shall schedule and take the deposition of Ms. Donkers prior to jury selection on May 23, 2011 at 9:30 a.m. at a mutually convenient time and place. Further, Plaintiffs' counsel shall work to secure Ms. Donkers' attendance to meet this deadline.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.