# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICIA A. McGRANE, and )
LYNN A. RYAN, )
)
    Plaintiffs, )
) Civil Action No. 07-98J
v. ) Judge Nora Barry Fischer
)
SHRED-IT USA, INC., )
)
    Defendant. )

## **MEMORANDUM ORDER**

AND NOW this 4th day of May, 2011, upon consideration of Defendant's Motion in Limine Re: Size and Financial Conditions (Docket No. [89]) and Plaintiffs' Response to same (Docket No. [124]), IT IS HEREBY ORDERED that Defendant's motion (Docket No. [89]) is GRANTED, IN PART, and DENIED, IN PART.

Defendant argues that Plaintiffs should be precluded from providing any reference to Defendant's size and financial condition before the jury, absent a finding of liability for punitive damages. (Docket No. 89 at 2). Plaintiffs respond by arguing that the size of Defendant is relevant as background evidence for the jury in determining Defendant's liability. (Docket No. 124 at 2). Plaintiffs agree with Defendant that the financial condition and net worth of Defendant is only relevant once the Court determines that punitive damages are appropriate. *Id*. at 2-3.

Pursuant to Federal Rule of Evidence 401, district courts are instructed to generally admit all evidence having "any tendency" to make the existence of a material fact "more probable or less probable than it would be without the evidence." FED. R.

1

EVID. 401;[1] *Moyer v. United Dominion Industries, Inc.*, 473 F.3d 532 (3d Cir. 2007) (quoting *Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 232 (3d Cir. 2004) ("The definition of relevant evidence is very broad and does not raise a high standard."). Further, a district court may reject the evidence only if the probative value of the evidence is substantially outweighed by its tendency to prejudice a party or cause delay at trial. FED. R. EVID. 403;[2] *Toledo Mack Sales & Service, Inc. v. Mack Trucks, Inc.,* 386 F.App'x. 214, 218 (3d Cir. 2010) ("A district court is accorded wide discretion in determining the admissibility of evidence under the Federal Rules.").

Plaintiffs argue that Defendant's size is relevant for the purpose of determining Defendant's liability because Kevin Mitchell ("Mitchell"), Plaintiffs' sales representative supervisor, has stated that "Defendant delegated the local management of each of its 140 locations on five continents the responsibilities of (a) evaluating sales representatives and (b) assigning them sales territories." (Docket No. 124 at 2). Plaintiffs submit that Mitchell has testified that because of Defendant's large size, Defendant could not have the basis to match representatives with an appropriate sale territory. *Id.* Further, Defendant holds itself out to be the world's largest document shredding and destruction company, with 150,000 clients in 140 locations on five continents.[3] *Id.* Defendant's size

---

[1] "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. FED. R. EVID. 401.

[2] "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. FED. R. EVID. 403.

[3]

2

is relevant as it has the tendency to make Defendant's liability more probable than it would be without such evidence. FED. R. EVID. 401. In this Court's estimation, the probative value of evidence regarding Defendant's size substantially outweighs its tendency to prejudice Defendant. FED. R. EVID. 403. Therefore, to the extent that Defendant's motion (Docket No. [89]) relates to precluding Plaintiffs from offering evidence of Defendant's size, Defendant's motion (Docket No. [89]) is DENIED. Plaintiffs will be permitted to introduce such evidence and make argument thereon as to Plaintiffs' claims of gender discrimination in Defendant's enforcement of the sales quotas, failure to provide training and assignment of sales territories.

Evidence of the financial condition or net worth of a defendant is relevant to a claim for punitive damages. *Williams v. Betz*, 1996 WL 114815, at * 3, Civ. Act. No. 93-4426 (E.D. Pa. Mar. 14 1996). "Punitive damages may be awarded in cases of employment discrimination for conduct that is 'outrageous because of the defendant's evil motive or his reckless indifference to the rights of others.'" *Id*. (quoting *Jackson and Coker, Inc. v. Lynam*, 840 F.Supp. 1040, 1051 (E.D. Pa. 1993)). Hence, in order to recover punitive damages, plaintiff must make a heightened showing of egregious behavior on the part of defendant. *Id*. Before a plaintiff may offer evidence of a defendant's financial condition, "the court must determine the legal sufficiency of plaintiff's claim, a determination which must be made at trial." *Waters v. Genesis Health Ventures, Inc*., 400 F.Supp.2d 808, 813 (E.D. Pa. 2005). Hence, until the Court determines that the evidence of record is sufficient to prove outrageous conduct, evidence of Defendant's financial condition or net worth is irrelevant. FED. R. EVID. 401, 403. To

---

*See* http://www.shredit.com/ (last visited May 3, 2011).

the extent that Defendant's motion (Docket No. [89]) relates to precluding Plaintiffs from offering evidence of Defendant's financial condition or net worth prior to the Court's finding that punitive damages are appropriate, Defendant's motion (Docket No. [89]) is GRANTED. Plaintiffs are barred from offering evidence of or making reference to Defendant's financial condition or net worth in their opening statements or at any other time in the presence of the jury until the Court makes such a determination. *See Waters*, 400 F.Supp.2d at 813 (citing *Williams*, 1996 WL 114815, at * 3).

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.